**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **YAKOV DRABOVSKIY** | : | |
| | : | **Civil No. 3:14-CV-485** |
| **Petitioner** | : | |
| | : | **(Judge Conaboy)** |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Respondent** | : | |

**REPORT AND RECOMMENDATION**

**I.    Statement of Facts and of the Case**

Over the past four years, the petitioner, Yakov Drabovskiy, a federal prisoner, has filed numerous successive petitions for writ of habeas corpus with this Court pursuant to 28 U.S.C. § 2241. Drabovskiy v. Ebbert, 4:10-CV-1830, Drabovskiy v. Warden FCI Allenwood, 4:10-2226, Drabovskiy v. Warden FCI Allenwood, 3:13-CV-383; Drabovskiy v. U.S. Department of Homeland Security, 3:14-CV-451. In these prior petitions, the petitioner recited that he was an inmate currently incarcerated at the Federal Correctional Institution, Allenwood, where he is serving a five-and-one-half year sentence, following a federal conviction in the United States District Court for the Western District of Louisiana. (Id.) The petitioner's various past pleadings then sought to either collaterally challenge this conviction on a variety

of grounds, or further attempted to seek to stymie anticipated future efforts at deportation of the petitioner upon completion of his current federal sentence.  Each of these prior efforts was rebuffed by both this Court and the court of appeals, which have found Drabovskiy's petitions to be procedurally flawed and have dismissed Drabovskiy's petitions. Drabovskiy v. Warden FCI Allenwood, 534 F. App'x 98, 100 (3d Cir. 2013); Drabovskiy v. Warden, FCI-Allenwood, 4:10-CV-2226, 2010 WL 5463069 (M.D. Pa. Dec. 29, 2010); Drabovskiy v. Warden, FCI Allenwood, 4:10-CV-2226, 2010 WL 5463332 (M.D. Pa. Nov. 1, 2010) report and recommendation adopted sub nom. Drabovskiy v. Warden, FCI-Allenwood, 4:10-CV-2226, 2010 WL 5463069 (M.D. Pa. Dec. 29, 2010).  These claims have also been rebuffed by other federal courts, which have also been asked in the past to consider similar habeas corpus petitions filed by this prolific petitioner. See, e.g., Drabovskiy v. Young, 07-1385, 2009 WL 89638 (W.D. La. Jan. 13, 2009); Drabovskiy v. Young, 2:07-CV-1385, 2008 WL 4853327 (W.D. La. Sept. 30, 2008); Drabovskiy v. Young, CIV.A. 07-1385, 2007 WL 4302645 (W.D. La. Oct. 17, 2007); Drabovskiy v. United States, CIV.A. 06CV159HRW, 2007 WL 852225 (E.D. Ky. Jan. 12, 2007).

Undeterred, Drabovskiy has filed the instant petition, his fifth successive federal habeas corpus petition which seeks to collaterally challenge his federal convictions in Louisiana, and appears to also presumptively challenge both his past

2

immigration detention and any the immigration detention he may face in the future upon completion of his federal sentences. (Doc. 1) Since Drabovskiy's latest federal habeas corpus petition continues to suffer from the same procedural flaws that marred his prior petitions, it should face the same legal fate, dismissal. Accordingly, for the reasons set forth below it is recommended that this petition be dismissed.

## II.     Discussion

### A.     This Petition Should Be Dismissed Since It Does Not Meet the Prerequisites for Habeas Relief Under 28 U.S.C. § 2241

#### 1.     This Petition Must Be Dismissed as an Unauthorized Successive Petition

This petition is subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. 28 U.S.C. § 2254 (Rule 4 applies to § 2241 petitions under Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979) (explaining that Rule 4 is "applicable to Section 2241 petitions through Rule 1(b)"). Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Judged against these standards, Drabovskiy's latest

petition fails for several reasons.  First, the petitioner's efforts to re-litigate this habeas claim for the fourth time runs afoul of the statute governing such claims, 28 U.S.C. §2244(a), which provides in part that:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244

In this case, the instant petition is undeniably a successive petition which raised claims that have previously been rejected by this and other courts, and which  has not been properly authorized by the court of appeals as a second and successive petition pursuant to 28 U.S.C. §2244.  In such situations, where a petitioner persists in litigation of successive claims without following the requirements prescribed by law for filing successive petitions,  summary dismissal of the petition is appropriate.  See Graham v. Warden, FCI Allenwood, 348 F.App'x 706 (3d Cir. 2009); Silva v. Fisher, CIV. 12-1934 ADM/AJB, 2012 WL 4794363 (D. Minn. Aug. 22, 2012) report and recommendation adopted, CIV. 12-1934 ADM/AJB, 2012 WL 4794138 (D. Minn. Oct. 9, 2012); Drabovskiy v. Warden, FCI Allenwood, 4:10-CV-2226, 2010 WL 5463332 (M.D. Pa. Nov. 1, 2010) report and recommendation adopted sub nom.

Drabovskiy v. Warden, FCI-Allenwood, 4:10-CV-2226, 2010 WL 5463069 (M.D. Pa. Dec. 29, 2010) Brown v. Bledsoe, CIV. 3:CV-09-2258, 2009 WL 4060858 (M.D. Pa. Nov. 23, 2009) aff'd, 366 F. App'x 326 (3d Cir. 2010).

## 2.    The Petition Should be Brought Under § 2255 in the District of Conviction

Further, to the extent that the petitioner still wishes to further challenge his conviction and sentence, as we have told him in the past it is clear that he must do so through a motion brought before the sentencing court under 28 U.S.C. § 2255, and not through a habeas petition under § 2241.  Indeed, it is well-settled that: "[T]he usual avenue for federal prisoners seeking to challenge the legality of their confinement," including a challenge to the validity of a sentence, is by way of a motion filed under 28 U.S.C. § 2255.  In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). See also United States v. Miller, 197 F.3d 644, 648 n.2 (3d Cir. 1999) (stating that § 2255 provides federal prisoners a means by which to bring collateral attacks challenging the validity of their judgment and sentence); Snead v. Warden, F.C.I. Allenwood, 110 F. Supp. 2d 350, 352 (M.D. Pa. 2000) (finding that challenges to a federal sentence should be brought in a motion filed under 28 U.S.C. § 2255). Section 2255 specifically provides the remedy to federally-sentenced prisoners that is the equivalent to the relief historically available under the habeas writ.  See Hill v.

United States, 368 U.S. 424, 427 (1962) (stating, "it conclusively appears from the historic context in which § 2255 was enacted that the legislation was intended simply to provide in the sentencing court a remedy exactly commensurate with that which had previously been available by habeas corpus in the court of the district where the prisoner was confined").  Therefore, as a general rule, a § 2255 motion "supersedes habeas corpus and provides the exclusive remedy" to one in custody pursuant to a federal court conviction.  Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir. 1972). It is clear that "Section 2241 'is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255.'"  Gomez v. Miner, No. 3:CV-06-1552, 2006 WL 2471586, at *1 (M.D. Pa. Aug. 24, 2006) (quoting Myers v. Booker, 232 F.3d 902 (10th Cir. 2000))  In sum, Section 2255 motions are now the exclusive means by which a federal prisoner can challenge a conviction or sentence that allegedly is in violation of the Constitution or federal laws or that is otherwise subject to collateral attack; see Davis v. United States, 417 U.S. 333, 343 (1974), and federal inmates who wish to challenge the lawfulness of their sentences must typically file motions under § 2255.

    This general rule admits of only one, narrowly-tailored, exception.  A defendant denied relief under §2255 is permitted to pursue relief under 28 U.S.C. § 2241 only where he shows that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e); see also United

States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000) (recognizing availability of § 2241 in cases where petitioners have no other means of having claims heard).   The inadequacy or ineffectiveness must be "a limitation of scope or procedure . . . prevent[ing] a § 2255 proceeding from affording . . . a full hearing and adjudication of [a] wrongful detention claim." Okereke v. United States, 307 F.3d 120 (3d Cir. 2002) (citing Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam)). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Cradle, 290 F.3d at 538-39 (citing Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986)).   Accordingly, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Cradle, 290 F.3d at 539.   Furthermore, if a petitioner improperly challenges a federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

In this case, the representations that the petitioner makes in his latest petition do not demonstrate that he is entitled to resort to seeking habeas relief under 28 U.S.C. § 2241 on the grounds that a motion under 28 U.S.C. § 2255 would be ineffective or inadequate.   None of the petitioner's claims fall within the narrow exception outlined in Dorsainvil, in which § 2241 relief could be available in lieu of

a motion under 28 U.S.C. §2255.  In <u>Dorsainvil</u>, the Third Circuit held that § 2241

relief was available only in very narrow instances to a petitioner who had no earlier

opportunity to challenge his conviction for conduct that an intervening change in

substantive law made no longer criminal.  <u>Dorsainvil</u>, 119 F.3d at 251.  This

successive petition simply does not demonstrate that this narrow exception has any

legitimate application to the instant proceedings.  Instead, the petitioner still seeks

habeas relief simply because he was displeased by the trial court's prior rulings on

these matters.  Thus, petitioner's current § 2241 petition continues to be premised on

a notion of judge-shopping, a desire to repeatedly re-litigate identical claims in

multiple forums.  Such a claim is plainly inadequate as an excuse for foregoing the

proper course of litigating collateral challenges to a petitioner's federal conviction,

and, therefore, this request must be rejected by this Court.  <u>Manna v. Schultz</u>, 591

F.3d 664 (3d. Cir. 2010).

### 3.  To the Extent that the Petition Challenges Drabovskiy's Immigration Custody it Fails

Finally, we note that some of the averments in this petition continue to suggest

that the petitioner is still attempting to preemptively challenge what he expects to be

deportation and removal proceedings following service of his federal sentence.  To

the extent that the petitioner seeks to invoke habeas relief at this time, while he is

serving a federal criminal sentence, to preemptively litigate what he anticipates to be

future immigration detention, his petition is premature and must fail. Habeas

jurisdiction under § 2241 to challenge immigration actions only extends to persons

who are actually "in custody" of immigration officials.  When a prisoner serving a

federal sentence seeks to challenge his future anticipated immigration detention and

removal, courts have uniformly held that the district court lacks jurisdiction to

entertain such challenges since:

> According to most courts which have considered the custody question,
> a prisoner who is serving a criminal sentence is not in [immigration]
> custody simply because the [immigration officials have] lodged a
> detainer against him with the prison where he is incarcerated.  See
> Garcia-Echaverria v. United States, 376 F.3d 507, 510-11 (6th
> Cir.2004); Zolicoffer v. United States Department of Justice, 315 F.3d
> 538, 541 (5th Cir.2003).

Green v. Apker, 153 F.App'x 77, 79 (3d Cir. 2005).

Thus "[A] prisoner who is serving a criminal sentence is not in ICE custody simply

because the ICE has lodged a detainer against him with the prison where he is

incarcerated." Adams v. Apker, 148 Fed. Appx. 93, 95, 2005 WL 2082919, *2 (3d

Cir.2005); see also Garcia v. INS, 733 F.Supp. 1554, 1555 (M.D.Pa.1990) (ruling that

the 'lodging of a detainer does not subject [a] petitioner to [ICE] custody' and, as a

result, the petitioner could not file for habeas corpus relief).  [Therefore when a

petitioner is not in ICE custody], the instant petition should be dismissed pursuant to

28 U.S.C. § 2241(c)." Mendoza v. Dist. Dir. for Immigration Custom Enforcement,

08-CV-2211, 2009 WL 1376244 (M.D. Pa. May 17, 2009).

Further, to the extent that Drabovskiy wishes to complain about some past period of immigration detention that ended with his arrest on the instant offenses, federal conviction and current incarceration this petition is moot since the petitioner is not currently in immigration custody but is serving a federal sentence.  The mootness doctrine recognizes a fundamental truth in litigation: "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996).  In the context of habeas corpus petitions mootness questions frequently turn on straightforward factual issues.  Thus:

> [A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition. Lane v. Williams, 455 U.S. 624, 631(1982). This general principle derives from the case or controversy requirement of Article III of the Constitution, which "subsists through all stages of federal judicial proceedings, trial and appellate ... the parties must continue to have a personal stake in the outcome of the lawsuit." Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477-78 (1990) (internal citations and quotations omitted).  In other words, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. at 477(citations omitted).

DeFoy v. McCullough, 393 F.3d 439, 441-442 (3d Cir. 2005)

The mootness doctrine often applies with particular force to habeas petitions filed in immigration matters.  In the context of federal habeas corpus petitions

brought by immigration detainees, it is well-settled that the release of an immigration detainee from ICE custody renders moot any further complaints regarding the fact of that detention. <u>Sanchez v. Attorney General</u>, 146 F. App'x 547 (3d Cir. 2005) Similarly, the deportation of an alien also makes an immigration habeas corpus petition moot. <u>See</u> <u>Lindaastuty v. Attorney General</u>, 186 F. App'x 294 (3d Cir. 2006). As the United States Court of Appeals for the Third Circuit aptly noted in <u>Lindaastuty v. Attorney General</u>, 186 F. App'x 294 (3d Cir. 2006), when confronted with this precise situation:  "because [the petitioner] . . .  is, therefore, no longer in [immigration] custody, the challenge to h[is] detention is moot and the habeas petition must be dismissed." <u>Id</u>. at 298.

These settled legal tenets continue to control here and compel dismissal of this petition to the extent that the petition invites us to examine past immigration detentions, or future immigration actions which may flow from the petitioner's federal conviction following service of his sentence.  In short, no matter how we construe this petition it is either procedurally inappropriate or wholly premature. Therefore, the petition should be dismissed.

### 4.   **The Petitioner's Double Jeopardy Argument and Constitutional Challenge to the Immigration Statute Are Unavailing**

Finally, the petitioner also suggests that his deportation following a criminal conviction is unconstitutional either because he believes that a resident alien may not

be deported or because such deportation proceedings violate Double Jeopardy. These contentions warrant only brief consideration. At the outset, it is well settled that: "To the extent that [the petitioner] is claiming that removal is an additional punishment for his criminal offense and thus violates the constitutional prohibition against Double Jeopardy, his claim lacks merit because a deportation proceeding is a purely civil action and the 'purpose of deportation is not to punish past transgressions.' " Mayne v. Attorney Gen. of U.S., 392 F. App'x 94, 98 (3d Cir. 2010). Thus, this Double Jeopardy argument fails.

Likewise, it is clear that Drabovskiy may not avoid removal simply because he alleges that he was admitted to the United States as a lawful permanent resident alien. Quite the contrary, it is clear that the immigration laws permit the removal of permanent resident aliens following criminal convictions. See DiPeppe v. Quarantillo, 337 F.3d 326, 329 (3d Cir. 2003). Therefore, this claim is also unavailing.

## III.   Recommendation

For the reasons set forth above, the petitioner's motion for leave to proceed *in forma pauperis*, (Doc. 2), is GRANTED but it is RECOMMENDED that the Court DISMISS this petition for a writ of habeas corpus. (Doc. 1)

Petitioner is placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the

12

disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 17th day of March, 2014.


***S/Martin C. Carlson***
Martin C. Carlson
United States Magistrate Judge