UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

YAKOV DRABOVSKIY,                    :
                                     :CIVIL ACTION NO. 3:14-CV-485
          Petitioner,                :
                                     :(JUDGE CONABOY)
          v.                         :(Magistrate Judge Carlson)
                                     :
UNITED STATES OF AMERICA,            :
                                     :
          Respondent.                :
                                     :
_____

**MEMORANDUM**

Here we consider the Report and Recommendation of Magistrate Judge Martin C. Carlson in which he recommends that Yakov Draboskiy's above-captioned action be dismissed.  (Doc. 3 at 12.) Plaintiff filed a document titled "Respons [sic] for the Magistrate Report" (Doc. 4) on March 24, 2014.  For the reasons discussed below, we adopt the Report and Recommendation in part.  We further conclude this Court is without jurisdiction to entertain certain claims raised in the above-captioned matter.

**I. Background**

Petitioner is incarcerated at the Federal Correctional Complex-Allenwood ("FCC-Allenwood"), White Deer, Pennsylvania, serving a sentence of seventy-eight (78) months imposed in Criminal Action No. 09-CR-00146 in the United States District Court for the Western District of Louisiana following a jury trial finding him guilty of twenty (20) counts of failure to depart in violation of 8

1

U.S.C. § 1253(a)(1)(B).[1]  (*Drabovskiy v. Warden FCI Allenwood*, 534

---

[1] This Court has reviewed the Western District of Louisiana docket through the U.S. Court's Public Access to Court Electronic Records ("PACER").

The criminal indictment "alleged that on 20 different occasions between June 4, 2007 and March 31, 2009, the defendant, having an outstanding order of removal against him, knowingly and willfully failed and refused to make a timely, good faith application for travel documents necessary for his removal."  (W.D. La. Crim. No. 2:09-CR-00146, ECF Doc. No. 134-1 at 1.)

By way of background on the charges for which Petitioner is currently serving his sentence, we provide a summary set out by the government in a filing in W.D. La. Crim. No. 09-CR-00146:

> Yakov Drabovskiy was born in the Republic of Karelia on December 20, 1948.  At that time, Karelia was part of the Soviet Union.  As of the adoption of the Russian Constitution of 1992, Karelia is part of the current Russian Federation.

> Drabovskiy entered the United States on December 27, 1990 and was paroled into the United States as a refugee.  On July 31, 1992, Drabovskiy obtained an "adjustment of status" and received a "green card," officially known as an I-551 card, which allowed him to live and work in the United states indefinitely as long as he abided by the laws of the United States.

> On April 7, 2003, Drabovskiy, who was at that time a practicing doctor of osteopathy, was convicted of conspiracy to distribute Schedule III and IV controlled substances and Distribution of Schedule III controlled substances. . . . On December 18, 2003, the defendant was sentenced to 41 months imprisonment to be followed by two years supervised release.

> In light of his criminal conviction, on February 7, 2007, the United States instituted removal proceedings against

2

F. App'x 98, 98 (3d Cir. 2013) (not precedential); *see also* W.D.
La. Crim. No. 09-CR-00146, ECF Doc. No. 134-1 at 1.)  Petitioner
has stated that he is also subject to a detainer placed by the
Department of Homeland Security so his detention will be continued
afer the expiration of his criminal term.  (M.D. Pa. Civ. No. 3:14-
CV-00451, ECF Doc. No. 1 at 3.)

   With his current action, titled "Constitutional Claim to
Declare the Immigration Law Unconstitutional in Reference to Lawful
Immigrants and Permanent Residents" (Doc. 1 at 1), Petitioner

---

> Drabovskiy.  On April 6, 2007, after a
> hearing, Drabovskiy was ordered removed from
> the United States.  The order of removal
> provided that Drabovskiy would be removed to
> Israel, and if that country was unwilling to
> accept him, he would be removed to Russia.
>
>    Aliens are required to make good faith
> efforts to assist in securing their removal,
> and they are advised of this requirement in
> writing when they are served with a Form I-
> 229, which is titled "Warning for Failure to
> Depart." . . .
>
>    On 20 separate occasions between June 4,
> 2007 and March 31, 2009, Drabovskiy was
> served with a Form I-229 by various
> deportation officers or other employees of
> Immigration and Customs Enforcement IICE),
> but on each occasion, he refused to complete
> the necessary application for a travel
> document or passport or to otherwise
> cooperate in the removal process as required.

(W.D. La. Crim No. 2:09-CR-00146, ECF Doc. No. 134-1 at 3-6
(citations omitted).)

3

refers to due process and equal protection rights as well as double jeopardy and violations of "Article 1. Section 8. Clause 18 of the Federal Constitution." (Doc. 1 at 6-8.) Petitioner identifies the offending statutes as "8 U.S.C. 1227, 1228, 1229, 1229a, 1231, 1252, 1253 etc." (Doc. 1 at 10.) Petitioner requests that the Court "admit the detention and removal lawfully admitted immigrants. permanent residents are unconstitutional," that the statutory provisions identified above and unidentified federal regulations are unconstitutional and "void in part related to lawfully admitted immigrants and permanent residents," and that "the petitioner's order of removal and the conviction resulted from it are unconstitutional and void. So the Petitioner should be liberated and to go free from further prosecution." (Doc. 1 at 10.)

In his Report and Recommendation, Magistrate Judge Carlson reviewed Petitioner's extensive filing history and concludes the following: the current action is barred as a re-litigation of matters previously decided pursuant to 28 U.S.C. § 2244; the proper vehicle to further challenge his conviction and sentence is a 28 U.S.C. § 2255 motion brought before the sentencing court; the action fails as a preemptive challenge to his immigration custody; and Petitioner's double jeopardy argument and challenge to immigration statutes are unavailing. (Doc. 3 at 3-12.)

In Petitioner's response to the Report and Recommendation, he

4

asserts that he does not seek habeas relief, rather raises "a constitutional claim to declare a part of the Immigration Law unconstitutional in part of lawful immi[g]rants, permanent residents." (Doc. 4 at 1.)  Petitioner also states that he satisfies the pleading requirements identified by the Magistrate Judge and the Magistrate Judge did not contradict the merits of his claim. (Doc. 4 at 3.)

## II. Discussion

We agree with Magistrate Judge Carlson that this action is barred pursuant to 28 U.S.C. § 2244 insofar as it raises claims previously decided and cannot be brought as a 28 U.S.C. § 2241 petition.  The problem here is to determine what issues were decided in the numerous actions Petitioner has filed.  Petitioner's filings in this Court have not been a model of clarity and his responses to this Report and Recommendation and others filed in this Court often add further confusion.[2]

From the many filings presented in this Court, the Western

---

[2] For example, in his response to Magistrate Judge Carlson's Report and Recommendation, Petitioner states the Magistrate Judge sets out formal requirements for a pleading which his Petition satisfies. (Doc. 4 at 3 (citing Doc. 3 at 7).)  The requirements referenced are those of a 28 U.S.C. § 2241 petition where § 2255 would be inadequate or ineffective. (See Doc. 3 at 7.)  Yet Petitioner also states his Petition is NOT brought under § 2241 or Bivens. (Doc. 4 at 3.)  By way of further example, Petitioner references the return of "26 days of good time" (Doc. 4 at 3) when the current action makes no mention of such time, asserting that, based on the unconstitutionality of identified statues, he "should be liberated and [] go free from further prosecution" generally. (Doc. 1 at 10.)

District of Louisiana, and the Eastern District of Kentucky, we cannot say with certainty that Petitioner has previously raised the constitutionality of the identified statutes.  Our review of the filings listed by Magistrate Judge Carlson (Doc. 3 at 2) and others including *Drabovskiy v. Young*, No. 2:09-CV-397, 2009 WL 3925315 (W.D. La. Nov. 18, 2009), *Drabovskiy v. Young*, No. 2:09-CV-397, 2009 WL 3068224 (W.D. La. Sept. 23, 2009), and *Drabovskiy v. Young*, No. 2:08-CV-1453, 2008 WL 5263766 (W.D. La. Dec. 1, 2008), does not show that the constitutionality of immigration statutes on the currently asserted bases has been presented to or considered by any court.[3]  On one occasion, the United States District Court for the Western District of Louisiana found that it was without jurisdiction to consider Petitioner's challenge to his deportation in which he argued "that his '[d]eportation to Russia is unlawful and should not be committed due to violation of the human rights in this country, where the petitioner may be persecuted as a Jewish man.  The petitioner [has] never been a citizen of this country.'"  *Drabovskiy*, 2007 WL 4302645, at *1.  The court concluded the REAL ID Act of 2005 provided that such a challenge should be raised in

---

[3] In contrast to the current action where Petitioner alleges he seeks release based on the alleged unconstitutionality of several immigration statutes (Doc. 1 at 8, 10), Petitioner has previously sought release on other grounds.  In many cases, like the recently dismissed M.D. Pa. Civil Action No. 14-CV-451 (ECF Doc. 7, March 24, 2014) Petitioner sought relief "due to indefinite detention" (No. 14-CV-451 ECF Doc. 1 at 1).  *See, e.g., Drabovskiy*, 2008 WL 5263766; *see also Drabovskiy*, 2008 WL 4853327.

the appropriate court of appeals.  *Id.*  This specific claim is not mentioned in Petitioner's current filing.

Although we do not dismiss the action insofar as it raises claims related to the constitutionality of the identified immigration statutes based on 28 U.S.C. § 2244, we conclude we are without jurisdiction to entertain such claims.

To the extent Petitioner challenges the constitutionality of 8 U.S.C. § 1253, jurisdiction is proper in the United States District Court for the Western District of Louisiana.  Because Petitioner is now incarcerated based on his conviction for twenty (20) counts of a violation of this statute, specifically 8 U.S.C. § 1253(a)(1)(B), a claim that the statute is unconstitutional as applied to him is properly raised in the district of conviction in a 28 U.S.C. § 2255 motion.  *See*, *e.g.*, *Askew v. Holder*, Civ. A. No. 12-0221, 2012 WL 447728, at *1 (D.D.C. Feb. 9, 2012) ("Insofar as plaintiff challenges the constitutionality of the criminal statute under which he was convicted, he must do so by filing a motion under 28 U.S.C. § 2255" (citation omitted)).

Petitioner currently has a 28 U.S.C. § 2255 motion pending in the United States District Court for the Western District of Louisiana.[4]  *See Drabovskiy v. Warden FCI Allenwood*, W.D. La. Civ.

---

[4] The United States Court of Appeals for the Third Circuit directed this Court to transfer an action originally filed in this Court to the United States District Court for the Western District of Louisiana having determined that Petitioner's filing, M.D. Pa. Civ. No. 13-CV-383, was properly construed as a 28 U.S.C. § 2255

No. 2:13-CV-02565 (filings docketed at W.D. La. Crim. No. 09-CR-00146).   Therefore, we will transfer this action to the United States District Court for the Western District of Louisiana for that court to consider the appropriate handling of Petitioner's claims as they relate to 8 U.S.C. § 1253.

We also note that any assertion Petitioner may be making in his response to the Report and Recommendation that he satisfies the requirements for filing a 28 U.S.C. § 2241 petition because § 2255 is inadequate or ineffective (Doc. 4 at 3) is without merit-- Magistrate Judge Carlson properly concluded that § 2241 has no legitimate application in the instant proceedings (Doc. 3 at 8).

To the extent Petitioner challenges the constitutionality of statutes related to his order of removal, this Court is without jurisdiction to consider such claims pursuant to the REAL ID Act of 2005 as such challenges must be asserted through a petition for review in the court of appeals in the jurisdiction where the immigration judge completed the proceedings.  8 U.S.C. § 1252(a)(2)(D), (b)(2); *Debeato v. Attorney General of U.S.*, 505 F.3d 231, 233-34 (3d Cir. 2007) (citing *Papageorgiou v. Gonzales*, 413 F.3d 356, 357 (3d Cir. 2005)).  Because proceedings were

---

motion.  *Drabovskiy*, 534 F. App'x at 100.  M.D. Pa. Civ. No. 3:13-CV-383 was transferred to the Western District of Louisiana on August 27, 2013.  (M.D. Pa. Civ. No. 13-CV-383, ECF Doc. No. 16.) The action was docketed in the Western District of Louisiana as No. 13-CV-02565 with filings docketed at the related criminal number, 09-CR-00146.  (*See*, *e.g.*, W.D. La. Crim. No. 09-CR-00146, ECF Doc. No. 124.)

completed in the Immigration Court in Oakdale, Louisiana (*see* W.D. La. Civ. No. 2:07-CV-01385 ECF Doc. No. 14-3 at 7), jurisdiction is proper in the United States Court of Appeals for the Fifth Circuit. Therefore, we will transfer this matter to the United States Court of Appeals for the Fifth Circuit as it is proper for that court to consider the appropriate handling of Petitioner's constitutional claims as they relate to his order of removal.

### III. Conclusion

For the reasons discussed above, the Magistrate Judge's Report and Recommendation is adopted in part. Petitioner's action is transferred in part to the United States District Court for the Western District of Louisiana and transferred in part to the United States Court of Appeals for the Fifth Circuit. The Petition is dismissed in all other respects. Petitioner's motion for leave to proceed *in forma pauperis* (Doc. 2) is granted for this filing only. An appropriate Order is filed simultaneously with this action.


S/Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: March 31, 2014

9